| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| EASTERN DISTRICT OF LOUISIANA |
| Case number *(if known)* _____  Chapter **11** |

☐ Check if this is an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **604 Esplanade, LLC** |
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **47-4302534** |

4. Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **620 Decatur Street**<br>**Apt. E**<br>**New Orleans, LA 70130**<br>Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Orleans**<br>County | Location of principal assets, if different from principal place of business<br>**604 Esplanade Street New Orleans, LA 70116**<br>Number, Street, City, State & ZIP Code |

5. Debtor's website (URL) _____

6. Type of debtor
   ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Debtor __**604 Esplanade, LLC**__ Case number (*if known*) _____
       Name

7. **Describe debtor's business**  A. *Check one:*

   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   ■ None of the above

   B. *Check all that apply*

   ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
   ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
   __5313__

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**  *Check one:*

   ☐ Chapter 7
   ☐ Chapter 9
   ■ Chapter 11. *Check **all** that apply*:

       ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

       ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

       ■ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

       ☐ A plan is being filed with this petition.

       ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

       ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

       ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

   ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
   If more than 2 cases, attach a separate list.

   ■ No.
   ☐ Yes.

   District _____ When _____ Case number _____
   District _____ When _____ Case number _____

Debtor **604 Esplanade, LLC**     Case number (*if known*) _____
       Name

| | | |
|---|---|---|
| **10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ■ No <br> ☐ Yes. | |

List all cases. If more than 1, attach a separate list

Debtor _____    Relationship _____
District _____ When _____ Case number, if known _____

**11.** **Why is the case filed in *this district?***

Check all that apply:

■    Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐    A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
     Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.   Insurance agency _____
       Contact name _____
       Phone _____

---

### Statistical and administrative information

**13.** **Debtor's estimation of available funds**

Check one:

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14.** **Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 <br> ☐ 50-99 <br> ☐ 100-199 <br> ☐ 200-999 | ☐ 1,000-5,000 <br> ☐ 5001-10,000 <br> ☐ 10,001-25,000 | ☐ 25,001-50,000 <br> ☐ 50,001-100,000 <br> ☐ More than 100,000 |

**15.** **Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 <br> ☐ $50,001 - $100,000 <br> ☐ $100,001 - $500,000 <br> ☐ $500,001 - $1 million | ■ $1,000,001 - $10 million <br> ☐ $10,000,001 - $50 million <br> ☐ $50,000,001 - $100 million <br> ☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion <br> ☐ $1,000,000,001 - $10 billion <br> ☐ $10,000,000,001 - $50 billion <br> ☐ More than $50 billion |

**16.** **Estimated liabilities**    ☐ $0 - $50,000    ☐ $1,000,001 - $10 million    ☐ $500,000,001 - $1 billion

Debtor  **604 Esplanade, LLC**  Case number (*if known*) _____
     Name

- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ■ $500,001 - $1 million

- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million

- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

Debtor **604 Esplanade, LLC**
Name

Case number (*if known*)

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **July 9, 2025**
MM / DD / YYYY

X **/s/ Jonathan Weber**
Signature of authorized representative of debtor

**Jonathan Weber**
Printed name

Title **Manager**

**18. Signature of attorney**

X **/s/ Ryan J. Richmond**
Signature of attorney for debtor

Date **July 9, 2025**
MM / DD / YYYY

**Ryan J. Richmond**
Printed name

**Sternberg, Naccari & White, LLC**
Firm name

**450 Laurel Street**
**Suite 1450**
**Baton Rouge, LA 70801**
Number, Street, City, State & ZIP Code

Contact phone **(225) 412-3667**  Email address **ryan@snw.law**

**30688 LA**
Bar number and State

# UNANIMOUS WRITTEN CONSENT
# OF
# THE SOLE MEMBER AND THE SOLE MANAGER
# OF
# 604 ESPLANADE, LLC

Earl Weber (the "Member"), holder of 100% of the outstanding equity securities of 604 Esplanade, LLC (the "Company"), as well as Jonathan Weber, the sole manager of the Company (the "Manager"), hereby agree and consent to the adoption of the following resolutions (the "Resolutions") effective as of Wednesday, July 9, 2025:

**RESOLVED** that, the undersigned have determined that it is advisable and in the best interests of the Company that the Company file a voluntary petition seeking relief under Subchapter V of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), in which reorganization or liquidation of the Company will be sought; and the filing of such petition be, and it hereby is, authorized in all respects.

**RESOLVED** that Jonathan Weber, be and is hereby appointed as the authorized signatory (the "Authorized Signatory") of the Company in connection with the Chapter 11 proceeding authorized herein.

**RESOLVED** that the Authorized Signatory be, and is hereby authorized, empowered and directed for, and in the name of, and on behalf of, the Company to execute, deliver and verify or certify a petition under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Eastern District of Louisiana (the "Bankruptcy Court") at such time as the Authorized Signatory executing the same shall determine.

**RESOLVED**, that the Authorized Signatory be, and is hereby authorized, empowered and directed for, and in the name of, and on behalf of, the Company to execute and file all petitions, schedules, lists, pleadings and other papers, and any amendments or modifications of the above, and to take any and all actions that the Authorized Signatory may deem necessary, proper or desirable in connection with the Subchapter V case.

**RESOLVED**, that Sternberg, Naccari & White, LLC ("Sternberg") be and it is hereby employed to render legal services to, and to represent the Company in connection with the Subchapter V bankruptcy case as set forth in Sternberg's engagement agreement and any other related matters in connection therewith, on such terms as the Authorized Signatory shall approve.

**RESOLVED**, that the Company shall provide Sternberg with a retainer of $11,738.00, which consists of a legal services retainer of $10,000.00 for Sternberg's attorneys' fees and costs and the applicable Chapter 11 filing fee of $1,738.00.

**RESOLVED**, that to the extent any equity security holder of the Company has paid or does pay all or a portion of Sternberg's retainer, such payment(s) shall not be considered a loan to the Company, but rather a contribution to equity.

**RESOLVED**, that an Authorized Signatory be, and is hereby authorized, empowered, and directed for, on behalf of, and in the name of, the Company to retain and employ other attorneys, investment bankers, accountants, restructuring professionals, financial advisors, and other professionals to assist in the Company's Chapter 11 case on such terms as are deemed necessary, proper, or desirable.

**RESOLVED**, that the Authorized Signatory and any employees or agents (including counsel) designated by or directed by the Authorized Signatory, be, and is hereby authorized, empowered and directed to cause the Company to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities certificates or other documents, and to take such other actions, as in the judgment of an Authorized Signatory shall be necessary, proper, desirable and consistent with the foregoing resolutions and to carry out and put into effect the purposes of the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions.

**RESOLVED** that the Authorized Signatory be, and is hereby authorized, empowered and directed to cause all fees, costs and expenses related to the consummation of the transactions contemplated by the foregoing resolutions, which any of the Authorized Signatory determines to be necessary or appropriate in order to effectuate the general intent of the foregoing resolutions, the payment of such fees, costs and expenses being conclusive evidence of such authority.

**RESOLVED** that the Authorized Signatory be, and is hereby authorized, empowered and directed to execute and deliver any and all documents and instruments deemed necessary or appropriate by the Authorized Signatory, and to take any and all such further action, in the name of and on behalf of the Company, which the Authorized Signatory determines to be necessary or appropriate in order to effectuate the general intent of the foregoing resolutions, the signature of the Authorized Signatory being conclusive evidence of such authority.

**RESOLVED** that the Authorized Signatory be and is hereby authorized, empowered, and directed for, and on behalf of, and in the name of, the Company to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing Resolutions.

**RESOLVED**, that all actions heretofore or hereafter taken by the Authorized Signatory, employee, or agent (including counsel) of the Company within the terms of the foregoing resolutions be and they are hereby ratified, confirmed, authorized, and approved as the act and deed of the Company.

**RESOLVED**, that the Authorized Signatory, be, and is hereby authorized and empowered to certify on behalf of the Company, as to all matters pertaining to the acts, transactions or agreements contemplated in any of the foregoing resolutions.

**RESOLVED**, that the undersigned acknowledge and agree that Sternberg has made no promise or guarantee regarding the outcome of any legal matter.

**RESOLVED**, that the undersigned acknowledge and agree that Sternberg does not represent them, individually, but rather that Sternberg represents the Company, a separate and

distinct juridical person, and thus, it may be in undersigneds' best interests to retain separate legal counsel, individually.

**RESOLVED**, that the undersigned are aware of and acknowledge that they may be the subject of actions under Chapter 5 of the Bankruptcy Code and/or non-bankruptcy law, and thus, it may be in their best interests to retain legal counsel, individually.

**RESOLVED**, that the undersigned are aware of and acknowledge that the automatic stay under § 362(a) of the Bankruptcy Code does not extend to them, and thus, (i) creditors may pursue actions against insiders and affiliates of the Company to the extent they are co-obligors or guarantors of the Company and (ii) if Company requests that Sternberg seek an extension of the automatic stay to the undersigned, the likelihood of obtaining such relief is extremely low because bankruptcy courts historically do not extend the automatic stay to non-debtors.

**RESOLVED**, that the undersigned acknowledge and understand that the Company shall not pay, satisfy, or otherwise transfer any funds, property, or assets in respect of any debt, liability, obligation, or claim of the Company that arose prior to the commencement date of the Company's bankruptcy case, except as authorized by an order of the Bankruptcy Court.

**READ AND AGREED TO**:

**/s/ Jonathan Weber**                                              Date: July 9, 2025
By: Jonathan Weber
Its: Sole Manager

**/s/ Earl Weber**                                                  Date: July 9, 2025
By: Earl Weber
Its: Sole Member

# United States Bankruptcy Court
### Eastern District of Louisiana

In re  **604 Esplanade, LLC**  
Debtor(s)

Case No. _____  
Chapter **11**

# VERIFICATION OF CREDITOR MATRIX

I, the Manager of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date: **July 9, 2025**

**/s/ Jonathan Weber**  
**Jonathan Weber**/**Manager**  
Signer/Title

```
604 Esplanade Ave. Condominiums Assoc.
620 Decatur Street
Suite E
New Orleans, LA 70130


Earl Weber
620 Decatur Street
Apt. A
New Orleans, LA 70130


G.C. & K.B. Investments, L.L.C.
#11 River Cypress Lane
Madisonville, LA 70447


Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346


Jonathan Weber
620 Decatur Street
Apt. P
New Orleans, LA 70130


Louisiana Department of Revenue
P.O. Box 66658
Baton Rouge, LA 70896-6658


Northeast Bank
One Marina Park Drive
Floor 8
Boston, MA 02210


Northeast Bank
27 Pearl Street
Portland, ME 04101


Northeast Bank
35 Canal Street
Lewiston, ME 04240


Northeast Bank
250 West 55th Street
Suite 1601
New York, NY 10019
```

Office of the U.S. Trustee
600 S. Maestri Place
Suite 840-T
New Orleans, LA 70130


Orleans Parish Assessor's Office
1300 Perdido Street
New Orleans, LA 70112


Orleans Parish Sheriff's Office
2800 Perdido Street
New Orleans, LA 70119


Peter S. Title
400 Poydras Street
Suite 2250
New Orleans, LA 70130


Sewerage & Water Board of New Orleans
625 St. Joseph Street
New Orleans, LA 70165


Stephen J. Broussard
433 Metairie Road
Suite 600
Metairie, LA 70005


U.S. Attorney, Eastern District of LA
650 Poydras Street
Suite 1600
New Orleans, LA 70130-7212